The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
Hailey L. Kantrow, Esq.
516 703 3672

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **09/01/26** |
| EASTERN DISTRICT OF NEW YORK | TIME: **10:00 AM** |

-------------------------------------------------------------x

In re:

                              Case No. 25-74635-las

      BRIAN L. FERDINAND,               Chapter 7

                     Debtor.

-------------------------------------------------------------x

## TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO ENTER INTO PROPOSED SETTLEMENT PURSUANT TO RULE 9019 <u>OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

TO:    HON. LOUIS A. SCARCELLA
       UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the trustee (the "Trustee") of the chapter 7 bankruptcy estate of Brian L. Ferdinand (the "Debtor"), by and through his counsel, The  Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the proposed stipulation (the "Settlement Agreement") entered into by and between (i) the Trustee, (ii) Andrea Romanello Ferdinand ("Andrea"), and (iii) 6 Dogwood Hill LLC ("Dogwood") (Trustee, Andrea, and Dogwood are collectively the "Settling Parties"), and authorizing Trustee to enter into same, and states as follows:

### I. <u>PRELIMINARY STATEMENT</u>

1.     This application is submitted by the Trustee for the purpose of approving the settlement pursuant to the Settlement Agreement annexed hereto as **Exhibit "1"** and authorizing the Trustee to enter into the settlement.

## II. <u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1408 *et seq.*

4.      The statutory predicate for the relief requested herein are Bankruptcy Rules 9019(a) and Section 105 of Title 11 of the United States Code (the "Bankruptcy Code").

## III. <u>PROCEDURAL HISTORY</u>

5.      On December 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

6.      Allan B. Mendelsohn was appointed interim Trustee and thereafter duly qualified as permanent case Trustee.

7.      The Trustee reviewed the Debtor's bankruptcy schedules and determined that on December 12, 2023, the Debtor and Andrea purchased the real property commonly known as 6 Dogwood Hill, Glen Head, New York (the "Real Property"). Additionally, upon further review of additional documents, the Trustee determined that on March 1, 2024, the Debtor and Andrea transferred the deed to the Real Property to Dogwood for what the Trustee alleged was less than fair consideration.

8.      As a result, the Trustee advised Andrea and Dogwood that he intended to commence an action to recover an alleged fraudulent conveyance of an interest in property of the bankruptcy estate.

9.      In an effort to avoid costly, extensive and uncertain litigation, the Settling Parties agreed to compromise on this matter by the payment of the sum of $100,000, which, from the perspective of all Settling Parties, provides for the most expeditious and cost-effective mechanism to resolve this case.

10.    Here, the Trustee reviewed numerous potential affirmative defenses that could be asserted by Andrea and Dogwood, including, but not limited to, a question as to whether the Debtor was insolvent at the time of the transfer.  The costs and uncertainties associated with establishing the Debtor's insolvency was considered by the Trustee and in that regard, the Trustee concluded that the proposed settlement was in the best interests of the estate and its creditors.

## IV. TERMS OF STIPULATION OF SETTLEMENT

11.    Pursuant to the terms of the Settlement Agreement, a copy of which is annexed hereto as **Exhibit "1"**, the Parties have agreed to the following:

12.    Andrea and Dogwood have agreed to pay the Trustee the sum of $100,000.00 in full and complete satisfaction of any and all claims that the estate has, had or may have had in connection with the instant proceeding.

13.    This proposed Stipulation paves the way for the Trustee to ensure there is a benefit to the creditors of this estate, and the Trustee believes that the settlement falls above the lowest level of reasonableness and should be approved.

## V. LEGAL AUTHORITY FOR APPROVAL OF SETTLEMENTS

14.    Compromises and settlements are a normal part of the bankruptcy process. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) *reh'g denied,* 391 U.S. 909 (1968), *citing Case v. Los Angeles Lumber Products Co.,* 308 U.S. 106, 130 (1939). The structure and provisions of the Bankruptcy Code promote negotiation and settlement for the benefit of creditors in accordance with "the policy of the law generally [which is] to encourage settlements." *In re Jackson Brewing Co.,* 624 F.2d 599 (5th Cir. 1980). Resolution of claims through settlement furthers the goal of bankruptcy administration to liquidate estate assets as rapidly as possible "consistent with obtaining the best

of fruitless litigation." *In re Carla Leather, Inc.,* 44 B.R. 457, 471 (Bankr. S.D.N.Y. 1984) *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

15.     Bankruptcy Rule 9019(a) permits this Court to approve settlements. The Rule provides: On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the Debtor, and indenture trustee as provided in Rule 2002, and to any other entity as the court may direct.

16.     Neither Bankruptcy Rule 9019 nor any section of the Bankruptcy Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements in bankruptcy cases are well established by case law, focusing upon whether the purported settlement is reasonable and in the best interests of creditors. In Anderson, 390 U.S. at 414, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all the facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expenses and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation. *Anderson*, 390 U.S. at 414.

17.     The United States Court of Appeals for the Second Circuit has stated that the responsibility of the Judge is "not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983), *cert denied sub. nom. Cossoff v. Rodman,* 464 U.S. 822 (193). *Accord, In re Gardi,* 273 B.R. 4, 18 (Bankr. E.D.N.Y. 2002); *In re Interstate Cigar Co.,* 240 B.R. 816, 822 (Bankr. E.D.N.Y. 1999);

*In re Spielfogel,* 211 B.R. 133, 143-44 (Bankr. E.D.N.Y. 1997); *In re Purofied Down Products Corp.,* 150 B.R. 519, 522-23 (S.D.N.Y. 1993). The assessment of a settlement only requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." *Carla Leather,* 44 B.R. at 470.

18.    In considering a proposed settlement, the court is guided by a lenient standard consistent with the theory that "little would be saved by the settlement process if bankruptcy courts [had to conduct] . . . an exhaustive investigation and determination of the underlying claims in order to approve a settlement." *Purofied Down Products,* 150 B.R. at 522-23. In *Carla Leather*, the Court explained the policy underlying the abbreviated review of settlements under Bankruptcy Rule 9019 as follows:

> The very uncertainties of outcomes in litigation, as well as the avoidance of wasteful litigation expense, lay behind the Congressional infusion of a power to compromise . . . This could hardly be achieved if the test in hearing for approval meant establishing success or failure to a certainty.

*Carla Leather,* 44 B.R. at 470; *see also Purofied Down Products,* 150 B.R. at 522-23.

19.    In evaluating the propriety of a settlement, a court need not conduct a trial or even a "mini-trial" on the merits to actually resolve the exact factual and legal issues. *Interstate Cigar,* 240 B.R. at 822; *Spielfogel,* 211 B.R. at 143-33. Rather, the court must simply consider whether against the background of those issues, the settlement is reasonable. *Newman v. Stein,* 464 F.2d 689, 692 (2d Cir. 1972), *cert denied sub nom. Benson v. Newman,* 409 U.S. 1039 (1972). *See also In re International Distribution Centers Inc.,* 103 B.R. 420, 423 (S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group Inc.,* 134 B.R. 493 (Bankr. S.D.N.Y. 1991). In so doing, the court may consider the settlement in the context of its familiarity with the history of the case, the complexity of the claims alleged, the parties, and the context in which the claims and the settlement arose. *See Anderson,* 390 U.S. at 444.

20.     The settlement evaluation process is not designed to substitute the court's judgment for that of the trustee. *Carla Leather,* 44 B.R. at 465. While a court is not expected to "rubber stamp" the trustee's proposed settlement, *In re Ionosphere Clubs Inc.,* 156 B.R. 414, 426 (S.D.N.Y. 1993), the court should give considerable weight to a trustee's informed judgment that a compromise is fair and equitable. *Anderson,* 390 U.S. at 444; *International Distribution Centers,* 103 B.R. at 423; *Drexel Burnham Lambert,* 134 B.R. at 496; *Carla Leather,* 44 B.R. at 472. As stated by the district court in *International Distribution Centers,* the court should give weight to the support of not only the trustee but of other counsel to a settlement in determining the wisdom of the compromise. *Id.* at 423. Thus, a court should consider both the proponents' opinions and independently evaluate the arguments both for and against the settlement to determine whether the settlement should be approved. *Purofied Down Products,* 150 B.R. at 523.

21.     The court, apprised of the facts of the controversy and the risks and costs of the litigation, is bestowed with broad discretion to approve settlements that fall within the range of reasonableness. *Purofied Down Products*, 150 B.R. at 523; *In re Texaco, Inc.*, 84 B.R. 893, 901 (Bankr. S.D.N.Y. 1988). The proposed settlement need not be ideal, but merely above the lowest point in the range of reasonableness under the circumstances. *See, W.T. Grant*, 699 F.2d at 613 14; *Newman v. Stein*, 464 F.2d at 693; *Purofied Down Products*, 150 B.R. at 523-24. This concept of a "range of reasonableness" recognizes "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent to taking any litigation to completion. *Newman v. Stein*, 464 F.2d at 693. Thus, a court should not insist upon the best possible settlement, but only that a settlement is within the range of reasonableness.

22.     In deciding whether a settlement should be approved, courts in the Second Circuit have considered some or all of the following factors:

1.      the relative benefits to be received by creditors under the proposed settlement;

2.      the likelihood of success in the litigation compared to the present and future benefits conferred by the proposed settlement;

3.      the prospect of complex and protracted litigation if settlement is not approved;

4.      the attendant expenses, inconvenience and delay of litigation;

5.      the probable difficulties of collecting on any judgment that might be obtained;

6.      the competency and experience of counsel who support the proposed settlement;

7.      the extent to which the settlement is the product of arm's length bargaining; and not the product of fraud or collusion;

8.      the nature and breadth of any releases to be issued as a result of the proposed settlement; and

9.      the paramount interest of the creditors and proper deference to their reasonable views.

*See City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974); *Ionosphere Clubs* 156 B.R. at 414; *Purofied Down Products,* 150 B.R. at 522; *International Distribution Centers,* 103 B.R. at 422; *In re Fugazy,* 150 B.R. 103, 106 (Bankr. S.D.N.Y. 1993); *Drexel Burnham Lambert,* 134 B.R. at 497; *Crowthers McCall,* 120 B.R. at 287; *Texaco,* 84 B.R. at 901; *In re Lion Capital Group, Inc.,* 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985); *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC*), 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate"); *Carla Leather,* 44 B.R. at 466. *See 10 Collier on Bankruptcy,* §9019.02 (15th Ed. Revised 1998).

23.      In summary, the "very purpose of compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation." *Newman v. Stein,* 464 F.2d at 692.

24.      Here, the Settlement Agreement allows the bankruptcy estate a significant recovery for the benefit of the estate's creditors and eliminates the costs and uncertainties with any potential

litigation.  This Settlement Agreement exceeds the lowest level of reasonableness and represents

a valid exercise of the Trustee's business judgment.

## VI. <u>CONCLUSION</u>

For all of the reasons set forth herein, the applicant respectfully requests that this Honorable

Court enter an Order authorizing the Trustee to enter into and approving the proposed Settlement

Agreement together with such other relief that this Court deems just and proper.

Dated:  Smithtown, New York
       July 21, 2026

                    The Kantrow Law Group, PLLC
                    *Attorneys for the Trustee*

           BY:    <u>S/Fred S. Kantrow</u>
                  Fred S. Kantrow
                  732 Smithtown Bypass, Suite 101
                  Smithtown, New York 11787
                  (516) 703 3672
                  fkantrow@thekantrowlawgroup.com