UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

                                      Case No. 25-74635-ast

BRIAN L. FERDINAND,                 Chapter 7

                  Debtor.

-------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual General Release ("Settlement Agreement") is made by and between Allan B. Mendelsohn, in his capacity as duly appointed, qualified, and serving Chapter 7 trustee ("Trustee") of the Estate of Brian L. Ferdinand ("Debtor"), and Andrea Romanello Ferdinand ("Andrea") and 6 Dogwood Hill LLC ("Dogwood"), (Trustee, Andrea and Dogwood are referred to as the "Settling Parties" or "Parties"). The Parties, by and through their respective undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

## RECITALS

**WHEREAS**, on December 5, 2025, Brian L. Ferdinand (the "Debtor") filed a voluntary petition for relief from his creditors pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), as Case No. 25-71366-las ("Bankruptcy Estate") in the United States Bankruptcy Court for the Eastern District of New York ("Court"); and

**WHEREAS**, Allan B. Mendelson was appointed interim Trustee and thereafter did duly qualify as the permanent serving case Trustee; and

**WHEREAS**, the Trustee reviewed the Debtor's bankruptcy schedules and determined that on December 12, 2023, the Debtor and Andrea purchased the real property commonly known as 6 Dogwood Hill, Glen Head, New York (the "Real Property"); and

**WHEREAS**, the Trustee reviewed additional documents related to the Real Property and determined that on March 1, 2024, the Debtor and Andrea transferred the deed to the Real Property to Dogwood for what the Trustee alleged was less than fair consideration; and

**WHEREAS,** the Trustee advised Andrea and Dogwood that he intended to commence an action to recover an alleged fraudulent conveyance of an interest in property of the bankruptcy estate; and

**WHEREAS,** Andrea and Dogwood averred that they had several affirmative defenses which would be asserted against the Trustee in the event that he commenced litigation to recover the alleged fraudulent conveyance; and

**WHEREAS**, the Trustee evaluated the alleged affirmative defenses and in an effort to avoid costly and uncertain litigation engaged in extensive negotiations with Andrea and Dogwood in an effort to reach a reasonable compromise of the issues of recovering an alleged fraudulent conveyance for the benefit of the creditors of the estate; and

**WHEREAS**, in order to avoid costly and continued litigation, Andrea and Dogwood have agreed to pay the Trustee the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) in full and complete satisfaction of any and all claims that the estate had, has or may have had against them in connection with the alleged fraudulent conveyance of an interest in property of the estate, subject to the entry of an Order of the court approving said compromise and authorizing the Trustee to enter into same; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear his/hers/its own costs and expenses, including attorneys' fees, arising out of this Settlement Agreement; and

**WHEREAS**, the Trustee believes that the settlement provides a reasonable resolution of the issues presented and falls within the range of reasonableness.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.      **Recitals Incorporated**.  The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2.      **Settlement Consideration**. As consideration for the releases set forth in Sections 6 and 7 below and in full and final settlement, release, and discharge of any and all claims against Andrea and Dogwood, Andrea and Dogwood agree to pay Trustee the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ("Settlement Sum") pursuant to the provisions set forth in paragraphs 3 herein.

3.      **Payment as Follows**. Simultaneously with the execution of this Settlement Agreement, Andrea and/or Dogwood shall provide certified funds (bank check, money order or certified check) made payable to Allan B. Mendelsohn as Trustee, in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00). This payment shall be delivered to the Trustee's counsel, The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, New York 11787. The Trustee shall hold the payment of the Settlement Sum in his segregated account until such time as the Court enters an Order approving this Settlement Agreement and authorizes the Trustee to enter into same.  In the event that the Court should decline to approve this Settlement Agreement, it shall be deemed a nullity, and the Parties shall be restored the *status quo ante*.  The Trustee shall return the payment of the Settlement Sum no less than five (5) days after the Court declines to approve the Settlement Agreement. The Trustee shall be free to continue or commence litigation as he determines appropriate under such circumstances.

4.      **Court Approval**. The terms of the settlement contained within this Settlement Agreement are subject to Court approval in the Bankruptcy Case as may be required pursuant to the Bankruptcy Code and Bankruptcy Rules. Trustee agrees to promptly file such stipulations, dismissals, and motions to compromise as required by the Court and to obtain any such approvals.

5.      **Effective Date**.  The effective date of this Settlement Agreement shall be the later of the date on which the Order of the Court approving this Settlement Agreement becomes final and non-appealable and the date on which all of the payments provided for herein have been made to the Trustee ("Effective Date").

6.      **Denial by Court**.  Should the Court deny approval of the settlement contained within this Settlement Agreement, this Settlement Agreement shall be null and void.  Trustee shall return the amounts held by the Trustee (as to any amount remitted) within five (5) days of any such denial.  In such case, the Trustee shall be free to continue or commence litigation against any party the Trustee deems appropriate; this Settlement Agreement shall be deemed void and of no effect, and all the Parties shall retain all rights and defenses.

7.      **Release by Trustee**.   Except for the obligations expressly set forth in this Settlement Agreement, upon the Effective Date, in consideration of the Settlement Sum and other good and valuable consideration, the adequacy of which is recognized herein, Trustee, on behalf of the Bankruptcy Estate, on the Effective Date, hereby releases and forever discharges Andrea and Dogwood and her/its administrators, successors and assigns from any and all suits, sums of money, claims, claims for relief, demands, costs, expenses, damages, liabilities, debts, obligations and causes of action of any nature whatsoever, whether liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known that were or could have been asserted in connection solely with this action, or any related action, including but not limited to any and all claims and causes of actions arising under any chapter of the Bankruptcy Code or similar state statutes or that otherwise relate in any way to the claims (as such term is defined at section 101(15) of the Bankruptcy Code) of the Bankruptcy Estate.

8.      **Release by Andrea and Dogwood**.  Upon the Effective Date, in consideration of the release set forth in Section 7 above, Andrea and Dogwood hereby releases and forever discharge the Bankruptcy Estate, and the Trustee in its individual and representative capacities, and Trustee's agents, attorneys, employees and his successors-in-interest (collectively, the "Releases") from any claim in connection with the payment of the Settlement Sum, including any claim that could be asserted pursuant to Section 502(h) of the Bankruptcy Code.

9.      **Modifications to the Settlement Agreement**.  This Settlement Agreement shall not be modified, altered, amended, or vacated without the prior written consent of the Parties.  Any such modification, alteration, amendment, or variation in whole or in part shall be subject to approval of the Bankruptcy Court. Any motion or application brought before the Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Bankruptcy Rules and the Local Rules of the Bankruptcy Court.

10.      **Counterparts**.  This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together

shall constitute one and the same agreement.  Any of the Parties may execute this Settlement Agreement by signing any such counterpart, and each of such counterparts shall for all purposes be deemed an original.  This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

11.    **Language Construed as Jointly Drafted by the Parties**.  Parties hereby agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

12.    **Entire Agreement**.  This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

13.    **Successors and Assigns**.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors, and assigns.

14.    **Further Assurances**.  From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents, agreements, certificates and instruments, and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require evidencing or effectuating the transactions contemplated by this Settlement Agreement.

15.    **Illegality**.  If any provision of this Settlement Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement.  Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void, or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

16.    **Governing Law/Jurisdiction**.    EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION.  THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

17. **No admission of liability**.  This Settlement Agreement is in compromise of disputed claims between the Parties and shall not be construed as an admission of liability by the Parties or by any of their respective present or former directors, officers, employees, or agents, which such liability is expressly denied.  All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with the Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek action to enforce or interpret the terms of this Settlement Agreement.

18. **Acknowledgment of the Parties**.  Each of the Parties acknowledges that: (i) she/it has relied on her/its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) she/it has conducted her/its own due diligence in connections therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

19. **Authorization**.  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

Dated: Smithtown, New York
June 23, 2026

The Kantrow Law Group, PLLC
*Attorneys for the Trustee*

BY:   s/Fred S. Kantrow
Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

Dated: Garden City, New York
June 23, 2026

Weinberg, Gross & Pergament LLP
*Attorneys for Andrea Romanello Ferdinand and 6 Dogwood LLC*

BY:   s/Marc A. Pergament
Marc A. Pergament
400 Garden City Plaza, Suite 309
Garden City, New York 11530
516 877 2424
mpergament@wgplaw.com

SO ORDERED